IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-03159-MSK-CBS

BARRY F. LOGAN,
    Plaintiff,
v.

SEARS,
    Defendant.

_____

STIPULATED PROTECTIVE ORDER
_____

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Barry Logan ("Logan") and Defendant Sears, Roebuck, and Co. ("Sears"), through its attorneys of record, agree that this Order shall govern the handling of documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, inspections, examinations of premises, facilities and physical evidence, and any other information produced, given or exchanged by and among the parties and non-parties to this action.

RECITALS

A. Logan has sued Sears for race discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"). Sears denies all liability on these claims.

B. Some of the information the parties may seek or develop through discovery in this case may contain or consist of information that the party producing or developing will claim is confidential, proprietary or trade secret information, and, therefore entitled to protection under one or more of the provisions of Fed. R. Civ. P. 26(c) or other source of statutory or common law protection.

C. Nothing in this Proposed Order is intended, nor shall it be construed, as either a waiver or an admission that any documents or information are admissible or contain either confidential, proprietary business information, or trade secrets. This Proposed Order is simply a procedural framework to facilitate the discovery processes and/or provide protections concerning documents and information exchanged between and among the parties and non-parties in this case. No part of this agreement shall be used in this action or any other action as evidence that any party has either waived or admitted to any claims solely by virtue of the act of designating documents or information as confidential, personal or proprietary business information, and/or trade secrets.

D. Based on these recitals and the terms of disclosure that follow, the parties have agreed to this Proposed Order to facilitate the efficient production of information that the producing party may claim is entitled to confidential treatment, while at the same time protecting the parties' interests in the confidential treatment of that information and the full and fair disclosure of discoverable information in this action.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

"Discovery Material" means all documents, depositions, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests and requests for admissions, inspections, examinations of premises, facilities and physical evidence, witness interviews, and any other information produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by and among the parties and non-parties to this action.

"Confidential Discovery Material" means Discovery Material designated as "Confidential" under the terms of this Order.

"Producing Party" means any party or non-party to this action producing Discovery

Material.

"Designating Party" means any Producing Party or other party to this action who wishes to designate or has designated Discovery Material as Confidential Discovery Material.

TERMS

Discovery Material.

1. Any Producing Party or Designating Party may designate any Discovery Material as "Confidential" under the terms of this Order. The burden shall be on the Designating Party, when and if challenged, to prove that such Discovery Material contains non-public, proprietary, commercially sensitive, competitively sensitive, trade secret, personal, or other information deserving the protections provided for in this Order. Confidential Discovery Material may include, but is not limited to, the following types of information:

> A. Non-public information relating to Sears' business operations, policies, and procedures;
>
> B. Any material of a confidential nature, including, without limitation, product specifications, product designs, product development plans, research and development plans and data, market surveys and analyses, customer lists, customer profiles, customer purchase information, customer complaint and satisfaction information, price information, personally identifying information, policies, financial information, marketing information, compensation information, plans and formulae and personnel information; and
>
> C. Information regarding Sears' current and former employees, including, but not limited to, the names, addresses and telephone numbers of Sears' current and former employees and any other information the disclosure of which would

actually infringe upon or could reasonably be construed as an infringement upon the employees' rights of privacy; and

D. Any other material qualifying for protection under Fed. R. Civ. P. 26(c)(7).

2. Confidential Discovery Material, and information derived therefrom, shall be used solely for purposes of this action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose or in connection with any other proceeding or litigation.

Designation Procedure.

3. The designation of Discovery Material as "Confidential" for purposes of this Order shall be made in the following manner by any Designating Party:

A. In the case of documents (apart from recorded testimony), by stamping each and every page to be designated "Confidential" with the applicable legend "Confidential."

B. In the case of depositions or pretrial testimony, by a statement on the record, by counsel, at the time of such disclosure that said testimony is "Confidential."  Such testimony may also be designated by written notice from counsel for the Designating Party to the court reporter and counsel of record for all other parties, specifying by page and line number the material to be classified and the classification assigned. To be effective, such notice must be sent within 21 days of the date on which the reporter mails a copy of the transcript to counsel for the Designating Party, or, if such counsel has not ordered a transcript, within 21 days of the date that the reporter notifies counsel that the original transcript is available for review. In either event, counsel shall direct the court reporter and/or counsel to

affix the appropriate confidentiality stamp to any portion of the original transcript, and to that portion of all copies of the transcript, and those portions of the transcript so designated shall be deemed Confidential Discovery Material.

C. In the case of mutually agreed upon joint witness interviews (should any be agreed to), by a statement of counsel during the interview in the presence of other counsel attending, if any, and, following the interview, by a letter to such counsel, if any, that such interview or any portion thereof is "Confidential."

D. In the case of any other production of Discovery Materials not otherwise specifically identified above, including but not limited to computer storage devices, a written statement made by counsel of the Designating Party to counsel for the other parties to this action, that such Discovery Material or any portion thereof is "Confidential."

E. The parties to this Order may modify the procedures set forth in paragraphs 3(B)-(D) hereof through agreement of counsel on the record at such deposition or, in the case of an interview, in the presence of counsel attending such interview, without further order of the Court.

<u>Confidential Material</u>.

4. Discovery Material designated as "Confidential" may be disclosed, summarized, described, characterized or otherwise communicated or made available in whole or in part only to the following persons:

A. The Court, persons employed by the Court and stenographers transcribing the testimony or argument at a hearing, trial or deposition in this action or any appeal therefrom. The parties shall comply with D.C.COLO.LCivR 7.2 with regard to filing Motions to Seal;

B. Any named party, outside counsel to such parties whether or not they have entered appearances in this action, in-house counsel for the corporate parties herein, and legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel, including outside copying services;

C. Experts or consultants retained by counsel in connection with this action in accordance with the terms of paragraph 6;

D. Deposition witnesses questioned by outside counsel of record for a party in connection with this action, but only to the extent necessary to assist such counsel in the prosecution or defense of this action, and provided that such witness is advised of and agrees to be bound by the terms of this Order;

E. An author or recipient of the Confidential Discovery Material to be disclosed, summarized, described, characterized or otherwise communicated or made available, but only to the extent necessary to assist counsel in the prosecution or defense of this action.

F. The claims counsel or representative of any insurer of any party to this action, provided that such disclosure is made only in connection with a claim for a defense or indemnity arising from this action; and

G. Any individual identified by a party as a person with knowledge under Rule 26, but only to the extent necessary to assist counsel in the prosecution or defense of this action, and provided that such author agrees to be bound by the terms of this Order.

Designation Disputes.

5. If any party objects to the designation of any Discovery Materials as "Confidential,"

the parties shall attempt to resolve the dispute in good faith on an informal basis. If they are unable to resolve the dispute informally, the objecting party may move for relief from this Order with respect to such challenged discovery materials. If the objecting party makes such a motion, the Discovery Material shall continue to be deemed "Confidential," under the terms of this Order, until the Court rules on such motion. In any proceeding to release Confidential Discovery Material from its designation, or to change the designation of any such material, the burden shall be upon the Designating Party to sustain the burden of establishing the appropriateness of the classification under Fed. R. Civ. P. 26(c). A dispute concerning confidentiality shall not otherwise impede the progress of discovery.

Use of Confidential Discovery Material by Experts.

6. Confidential Discovery Material may be disclosed to any expert or consultant retained by counsel in connection with this action only for the purpose of enabling such expert or consultant to prepare a written opinion, to prepare to testify and testify at trial, hearings or depositions herein, or to otherwise assist counsel in the prosecution or defense of this action. Before receiving any such material, such consultant or expert should be advised of the terms of this Order and must agree not to disclose or use such Confidential Discovery Materials for purposes other than those permitted hereunder.

7. No copies of Confidential Discovery Materials shall be made except by or on behalf of the persons listed in subsections (A)- (C) and (F) of paragraph 4, above. To the extent such authorized persons require copies of Confidential Discovery Materials, any such copies shall be used solely for the purposes of this action and in accordance with the provisions of this Order.

8. The parties shall comply with D.C.COLO.LCivR 7.2 with regard to filing Motions to Seal.

9. The provisions of this Order shall, absent written permission of a Designating Party or further order of the Court, continue to be binding throughout and after the termination of this action, including, without limitation, any appeals therefrom. Within sixty (60) days after receiving notice of the entry of an order, judgment or decree finally disposing of all litigation in which Confidential Discovery Material was disclosed, all persons having received Confidential Discovery Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Party or its counsel or destroy all such Confidential Discovery Material and certify in writing to the Designating Parties or their counsel that such destruction has occurred. Counsel for the parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product that contain Confidential Discovery Material or references thereto; provided that such counsel, and employees of such counsel, shall not disclose to any person nor use for any purpose unrelated to this action such court papers or attorney work product except pursuant to court order or agreement with the Designating Party.

10. If any person receiving and in the possession, custody or control of Confidential Discovery Material is served with a subpoena, demand, or any other legal process seeking Discovery Material by one not a party to this action, the receiving party shall give prompt written notice, by hand or facsimile transmission within seventy-two (72) hours of its receipt of such subpoena, demand or legal process, to the Designating Party. The Designating Party shall be solely responsible for seeking any relief or protection from any subpoena demand or legal process seeking Discovery Material and shall also be solely responsible for its costs and attorneys' fees in any proceedings relating to such subpoena or legal process.

11. In the event additional parties join or are joined in this action, or additional or different counsel enter an appearance, they shall not be given access to Confidential Discovery

Material until the newly joined party, by its counsel, or the newly appearing counsel, as the case may be, has executed this Order and provided a copy of same to all other counsel in this action.

    12. Neither this Order, the production or receipt of Confidential Discovery Material hereunder, nor otherwise complying with the terms of this Order, shall:

    A. Prejudice in any way the rights of the parties to object on grounds of privilege, relevance, or otherwise to the production of documents or other information they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Discovery Material;

    B. Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document (or portion thereof), testimony or other evidence subject to this Order;

    C. Prejudice in any way the rights of a party to petition the Court for a further protective order relating to any confidential information the party asserts requires or should be subject to other or further protection;

    D. Prevent the parties to this Order from agreeing in writing, with the consent of the Designating Party, to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material; or

    E. Prejudice in any way the rights of a party to contest the designation of any Discovery Material as "Confidential."

    13. Nothing herein shall prevent any party to this action from using, for any purpose, and in any manner, Confidential Discovery Material that such party produced and designated as Confidential Discovery Material in connection with this action.

14. Nothing in this Order shall preclude any party from filing a motion seeking further or different protection from the Court under the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Discovery Material shall be treated at trial.

15. This stipulation shall be binding on the parties prior to its entry as an Order. Should the Court not enter this stipulation as an Order, it shall remain binding upon the parties until such time as the Court enters a different protective order providing substantially similar protections to those contained in this stipulation.

DATED this 28th day of November, 2011.

BY THE COURT:

s/Craig B. Shaffer
United States Magistrate Judge

APPROVED:

| | |
|---|---|
| s/Barry F. Logan | s/Erin A. Webber |
| Barry F. Logan | Erin A. Webber |
| 323 TRS/FLT 526 (Dorm A-7) | Stephanie L. Hankin |
| 1320 Truemper St. Unit 369564 | Littler Mendelson, P.C. |
| Lackland, AFB, TX 78236 6408 | 1200 17th Street, Suite 1000 |
| Telephone: 720.878.3766 | Denver, CO 80202.5835 |
| E-mail: karbon.account@gmail.com | E-mail: ewebber@littler.com |
| *Pro Se* Plaintiff | shankin@littler.com |
| | Attorneys for Defendant |